# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

REZA TEHRANI,

        Petitioner,

vs.

JOHN MATTOS,

        Respondent

Case No.:  2:25-cv-02389-APG-EJY

**Order Granting Motion for Reconsideration, Reopening Case, and Setting Briefing Schedule**

[ECF No. 21]

On January 5, 2026, Reza Tehrani filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 4.  Tehrani sought to be released from the custody of the U.S. Immigration and Customs Enforcement (ICE) and "to receive a bond hearing." *Id*. at 8.  On January 26, 2026, an immigration judge (IJ) conducted a bond hearing and ordered Tehrani be released on a $3,500 bond and "ATD [alternatives to detention] at the direction and discretion of DHS/ERO." ECF No. 16-1 at 2.  Because Tehrani received a bond hearing, I denied his habeas petition as moot. ECF No. 19.

Tehrani moves for reconsideration, arguing that his petition is not moot because he learned that after the government secured a dismissal of his petition in this case, it appealed the IJ's decision granting him release on bond.[1]  According to Tehrani, the government argued in the appeal that the IJ lacked jurisdiction to order the bond and that Tehrani should challenge his detention through habeas proceedings.  Tehrani thus contends the government should be

---

[1] It is not clear if the government appealed the order or what the status of any appeal is.  The government does not dispute that it filed an appeal, but a search of the government's Automated Case Information System does not reflect that an appeal was filed. *See* EOIR Automated Case Info, EXEC. OFF. FOR IMMGR. REV., https://acis.eoir.justice.gov/en/caseInformation (last visited June 17, 2026) (showing "[n]o appeal was received for [Tehrani's] case").

judicially estopped from asking this court to dismiss his habeas petition as moot due to the IJ's bond order while also arguing to the Board of Immigration Appeals that the IJ had no jurisdiction to enter that bond order and that Tehrani's only remedy is through a habeas petition.  Tehrani also argues that his petition is not moot in any event because he asked for release from custody, not just a bond hearing.  Tehrani argues that I should vacate my prior ruling and grant him release independent of the bond proceedings.  Alternatively, he requests that I order the government to show cause for (1) his prior detention, (2) the new conditions of release imposed by the bond, which he asserts includes ankle monitoring, and (3) its attempts to take him back into custody through an appeal of the bond decision despite telling this court that his habeas petition was moot.

The government responds that Tehrani must first exhaust his administrative remedies by appealing the IJ's bond decision if he is dissatisfied with that order.  The government also argues that my order dismissing the case as moot was not clearly erroneous or manifestly unjust because there is no dispute that Tehrani was released on bond as he requested in his petition.  The government contends that even if the government's appeal of the IJ's decision is newly discovered evidence, that does not support reconsideration because the government is entitled to appeal the IJ's decision and Tehrani can oppose the government's appeal in those proceedings.

Tehrani replies that he need not exhaust administrative remedies because the IJ's bond order did not require ankle monitoring; rather, that was ICE's decision.  Although the bond order permits ATD at ICE's discretion, he asserts that ATD does not necessarily mean ankle monitoring and the decision whether to use ankle monitoring was ICE's, not the IJ's.  He therefore argues that appealing the bond order's "broad and indeterminate delegation of authority would not have provided a genuine opportunity for adequate relief and indeed would have been

futile." ECF No. 27 at 2 (quotation omitted).  He also argues that because ICE imposed ankle monitoring with no justification, and because the government appealed the bond order, his petition is not moot because the IJ's bond order and ICE's ankle monitoring condition impose restrictions on his liberty.

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (simplified); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 & n.14 (1983) (citing Fed. R. Civ. P. 54(b)).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.*  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004). Additionally, a motion for reconsideration may not be based on arguments or evidence that could have been raised previously. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

I grant Tehrani's motion for reconsideration in that I will reopen the case and direct Tehrani to file an amended petition by **July 6, 2026**.  The amended petition must raise all grounds Tehrani seeks to raise relating to his initial detention, as well as any new claims related to events that occurred after he filed his original petition.  If Tehrani is going to ask me to review the IJ's decision to grant discretionary authority to DHS to impose ADT conditions, then he must

address the government's argument that he must first exhaust his administrative remedies, as well as the legal authority that would permit me to review that decision. If he is going to ask me to review ICE's decision to impose ankle monitoring and the other conditions ICE imposed, then he must outline the statutory, regulatory, or other legal authority that would permit me to review that decision, as well as whether administrative exhaustion is required related to that review.

The government must file its response to the amended petition by **July 20, 2026**. If the government moves to dismiss the petition on procedural grounds, such as a failure to exhaust administrative remedies, it must also address any substantive grounds Tehrani raises, or I will deem its response to those arguments waived. And if the government is going to argue Tehrani must exhaust administrative remedies to challenge either the IJ's decision or ICE's decision, then it must outline the statutory, regulatory, or other legal authority by which Tehrani could exhaust in each circumstance.

Additionally, both parties should address the status and impact of the government's appeal in the immigration proceedings (if one was filed).

I THEREFORE ORDER that petitioner Reza Tehrani's motion for reconsideration **(ECF No. 21) is GRANTED. The clerk of court is instructed to reopen this case.**

I FURTHER ORDER that petitioner Reza Tehrani's amended petition for writ of habeas corpus is due July 6, 2026.

I FURTHER ORDER that the respondents' response is due July 20, 2026.

I FURTHER ORDER that the petitioner's reply is due July 27, 2026.

DATED this 18th day of June, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

4