**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

REZA TEHRANI,

Petitioner

v.

JOHN MATTOS, et al.,

Respondents

Case No.: 2:25-cv-02389-APG-EJY

**Order (1) Denying Motion to Dismiss and (2) Granting in Part First Amended Petition**

[ECF Nos. 29, 34]

Petitioner Reza Tehrani filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 4. Tehrani sought to be released from the custody of the U.S. Immigration and Customs Enforcement (ICE) and "to receive a bond hearing." *Id.* at 8. On January 26, 2026, an immigration judge (IJ) conducted a bond hearing and ordered Tehrani be released on a $3,500 bond and "ATD [alternatives to detention] at the direction and discretion of DHS/ERO." ECF No. 16-1 at 2. Because Tehrani received a bond hearing, I denied his habeas petition as moot. ECF No. 19.

Tehrani moved for reconsideration, arguing that his petition was not moot because he learned that after the government secured a dismissal of his petition in this case, it appealed the IJ's decision granting him release on bond. ECF No. 21. He also argued that his petition was not moot because he requested to be released from custody, not just for a bond hearing. I granted Tehrani's motion for reconsideration by reopening the case and allowing him to file an amended petition. ECF No. 28 at 3. In my reconsideration order, I stated that if "Tehrani is going to ask me to review the IJ's decision to grant discretionary authority to DHS to impose ADT conditions, then he must address the government's argument that he must first exhaust his administrative remedies, as well as the legal authority that would permit me to review that

decision." *Id.* at 3-4. I also stated that if Tehrani "is going to ask me to review ICE's decision to impose ankle monitoring and the other conditions ICE imposed, then he must outline the statutory, regulatory, or other legal authority that would permit me to review that decision, as well as whether administrative exhaustion is required related to that review." *Id.* at 4. I further stated that if the government "moves to dismiss the petition on procedural grounds, such as a failure to exhaust administrative remedies, it must also address any substantive grounds Tehrani raises, or I will deem its response to those arguments waived." *Id.* Finally, I stated that if "the government is going to argue Tehrani must exhaust administrative remedies to challenge either the IJ's decision or ICE's decision, then it must outline the statutory, regulatory, or other legal authority by which Tehrani could exhaust in each circumstance." *Id.*

Tehrani filed his amended petition asserting two grounds. In his amended petition, Tehrani states that he currently resides in Whittier, California but he contends that jurisdiction is proper in this court because he was originally detained and held in custody here, was released on bond by an immigration judge (IJ) in this district, and the U.S. Immigration and Customs Enforcement (ICE) imposed an ankle monitoring requirement on him in this district. He also notes that he continues to name John Mattos, warden of the Nevada Southern Detention Center (NSDC), as a respondent because although he is no longer confined at NSDC, he may be again if the government wins its appeal of the IJ's bond decision before the BIA.

In ground one, Tehrani argues that the ongoing restrictions on his freedom, specifically, the $3,500 bond and ankle monitoring, violate due process and the Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001). He argues there is no significant likelihood of his removal in the reasonably foreseeable future, so requiring him to wear an ankle monitor essentially results in imposing that requirement on him indefinitely. In count two, he asserts that

imposing the ankle monitoring violates due process where ICE imposed the condition without any basis for it given his long history of living in the United States with no conditions, without ICE following its own regulations on imposing it, and giving him no means other than this petition to challenge ICE's decision.

In response to the amended petition, the government moves to dismiss under Federal Rule of Civil Procedure 12(b)(2), asserting that the court lacks personal jurisdiction over Tehrani because he is "not in the custody of Federal Respondents and currently resides in Whittier, California." ECF No. 34 at 2. The government argues that the "proper venue is therefore the Central District of California, and Petitioner's First Amended Petition should be dismissed by this Court under Fed. R. Civ. P. 12(b)(2)." *Id.* The government did not make any substantive response to the amended petition, although it purports to "incorporate by reference" its arguments in its response to Tehrani's motion for reconsideration. *Id.* at 1.

In reply, Tehrani argues that I should not dismiss under Federal Rule of Civil Procedure 12(b)(2) because this court has personal jurisdiction over him because (1) this is where he filed his petition and (2) the government cannot assert that I lack personal jurisdiction over Tehrani, as the defense is personal to him and he waives it. He also argues the government does not dispute that it is subject to personal jurisdiction here. And he asserts that to the extent this was meant to be some other type of jurisdictional challenge, jurisdiction attached once he filed his petition regardless of whether he was later transferred (or voluntarily moved) to another location outside the district. Alternatively, he argues that if California is the proper venue, then I should transfer his case, not dismiss it. Finally, he asserts that the government waived any arguments regarding the substantive claims in his petition because it did not address any issues in the amended

petition despite my order advising the government that if it filed a motion to dismiss, it must also substantively respond to the petition or I would deem those arguments waived.

**A. I have personal jurisdiction over Tehrani, I have jurisdiction over his petition, and this is a proper venue.**

The government moves to dismiss under Rule 12(b)(2) based on the novel argument that it can assert a lack of personal jurisdiction for Tehrani because he now resides in California. I am unaware of any basis for the government to assert a lack of personal jurisdiction on Tehrani's behalf. Moreover, Tehrani filed his petition here, so he consented to this court's jurisdiction, and he waives any objection to this court exercising personal jurisdiction over him. *See* ECF No. 35 at 3. I therefore deny the government's motion on this basis. The government also makes a passing reference to California being the appropriate "venue," although it cites no law regarding venue.

It appears the government means to argue that Tehrani's amended petition fails because he did not name his current immediate custodian as a respondent, as it asserts that Tehrani is "not in the custody of Federal Respondents." ECF No. 34 at 2. "A petitioner for habeas corpus relief must name the [government] officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." *Stanley v. California Supreme Ct.*, 21 F.3d 359, 360 (9th Cir. 1994), *as amended* (May 18, 1994) (internal citations omitted).

The government cites no authority for the proposition that imposing indefinite continuous ankle monitoring does not amount to being in its custody. Nor do the respondents indicate who is his immediate custodian if it is not one of the named respondents.

Regardless, I maintain my jurisdiction because "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quotation omitted). Tehrani was taken into custody here, filed his petition here while he was in custody at NSDC, and was granted bond and had an ankle monitor imposed here. *See* ECF Nos. 1-1 at 1; 16-1 at 2; 29 at 3. That he now resides in California does not destroy the jurisdiction that attached when he filed his petition here. I therefore deny the government's motion to dismiss and consider Tehrani's amended petition on the merits.

**B. I grant ground one of Tehrani's petition, as the government has waived any arguments that it could not initially detain Tehrani because it had already detained him more than six months in the past and there was no significant likelihood of his removal at the time he was detained.**

Tehrani argues that the 90-day removal period under 8 U.S.C. § 1231 and the presumptively reasonable six months of detention to effectuate a final order of removal under *Zadvydas* had already expired before ICE detained him in November 2025. He also contends that nothing had changed by November 2025 to make his removal likely, so his detention was never legally justified to begin with. He requests an order that ICE may not re-detain him regardless of the outcome of the government's pending bond appeal, that the conditions imposed at the bond hearing are void, and therefore that the ankle monitoring must cease and the bond money must be returned.

The government did not respond to these arguments in its motion to dismiss. Nor does its response to the motion for reconsideration contain any responsive argument even if I considered that document. Per my prior order and Local Rule 7-2(d), the government thus has waived its

substantive response. Additionally, the government has never presented any evidence to suggest that Tehrani's removal was significantly likely in the reasonably foreseeable future when it decided to detain him in November 2025 or at any time thereafter. I therefore grant ground one of the petition and order that the government may not re-detain Tehrani absent proof of changed circumstances making his removal reasonably foreseeable and without first following any required statutory procedures.

Because the government did not oppose, it also did not dispute Tehrani's requested relief. Accordingly, I grant his request and order that the government (1) cannot re-detain Tehrani regardless of the outcome of the government's appeal of the IJ's bond decision (2) cannot re-detain him absent some other change in circumstances that would justify his detention, (3) must release him from ankle monitoring, and (4) must return the $3,500 bond.

*Zadvydas* contemplated that a noncitizen's "release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." 533 U.S. at 700. But the government did not oppose Tehrani's petition either on the merits or with respect to the forms of his requested relief. As discussed below, even if I separately considered ground two of Tehrani's petition that challenges the supervision condition of ankle monitoring, I would grant that ground as unopposed as well.

**C. The government failed to contest that subjecting Tehrani to ankle monitoring violates his due process rights.**

Ground two of the petition argues that ICE's decision to impose ankle monitoring was arbitrary and violates due process. He notes that the IJ did not impose ankle monitoring, instead deferring to the Department of Homeland Security to impose "ATD," or alternatives to

detention, which does not necessarily mean ankle monitoring. ECF No. 16-1 at 2. He contends that although *Zadvydas* contemplated conditions of supervision, the regulations do not contemplate ICE adding continuous indefinite ankle monitoring, particularly where the noncitizen has lived in the country for decades without it and with no evidence of a change in circumstances to support it. According to Tehrani, he did not receive the procedural protections in the regulations. Finally, he argues that he need not exhaust administrative remedies for this claim because the IJ did not impose ankle monitoring, rather DHS did, so he could not appeal that decision to the Board of Immigration Appeals. He argues he has no other legal means to challenge ICE's decision to impose the ankle monitoring. Alternatively, he requests that I not require prudential exhaustion because he faces irreparable injury of ongoing indefinite ankle monitoring.

The government has not responded to any of these arguments. Although it previously raised exhaustion in its response to the motion for reconsideration, I specifically advised the government "if the government is going to argue Tehrani must exhaust administrative remedies to challenge either the IJ's decision or ICE's decision, then it must outline the statutory, regulatory, or other legal authority by which Tehrani could exhaust in each circumstance." ECF No. 28 at 4. The government has not outlined any means through which Tehrani could exhaust ICE's decision to impose the ankle monitoring. Consequently, I grant ground two of Tehrani's petition and remove the ankle monitoring requirement independent of the relief in ground one.

**D. Conclusion**

I THEREFORE ORDER the respondents' motion to dismiss **(ECF No. 34) is DENIED**.

I FURTHER ORDER that petitioner Reza Tehrani's first amended petition **(ECF No. 29) is GRANTED**.

I FURTHER ORDER that the respondents must release Tehrani from ankle monitoring by Monday, August 3, 2026.

I FURTHER ORDER that the respondents must release or return the $3,500 bond by August 10, 2026.

I FURTHER ORDER that the respondents may not re-impose these conditions or add other conditions unless it complies with the procedures in 8 C.F.R. § 241.13(i).

I FURTHER ORDER that, regardless of the outcome of the government's appeal of the IJ's bond decision, the respondents are prohibited from re-detaining Tehrani absent proof of changed circumstances making his removal reasonably foreseeable and without first following any required statutory procedures.

I FURTHER ORDER the clerk of court is instructed to close this case.

DATED this 31st day of July, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE